SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone: (909) 398-4404
Facsimile: (909) 398-1883

Attorneys for Plaintiff HECTOR PONCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PONCE, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF BANNING; OFFICER NIETO, an individual; OFFICER HIXON, an individual; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. 42 U.S.C. § 1983 (Excessive force)<br>2. 42 U.S.C. § 1983 (Failure to intervene)<br>3. 42 U.S.C. § 1983 (Illegal Detention under the Fourth Amendment)<br>4. Civil Code § 51.7 (Ralph Act)<br>5. Civil Code § 52.1 (Bane Act)<br>6. Assault<br>7. Battery<br>8. Intentional infliction of emotional distress<br>9. Negligence<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Plaintiff HECTOR PONCE for his complaint against Defendants CITY OF BANNING, OFFICER NIETO, OFFICER HIXON, and DOES 1-10, whose identities are currently unknown, inclusive, alleges as follows:

## INTRODUCTION

2. The civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with a confrontation between Plaintiff and officers HIXON and NIETO of the Banning Police Department, which is owned and operated by Defendant CITY OF BANNING.

## PARTIES

3. At all relevant times, HECTOR PONCE ("PONCE"; "Plaintiff") was an individual residing in the County of Riverside, California. At all times relevant, PONCE is and was a male of Hispanic heritage.

4. At all times relevant, Defendant CITY OF BANNING ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all times relevant, CITY was the employer of DOES 1-8, who were various CITY officers and/or supervisorial officers; and DOES 9-10 who were managerial, supervisorial, and policymaking employees of the CITY's police department. On information and belief, at all times relevant, DOES 1-10 were residents of the County of Riverside, California. DOES 1-10 are sued in their individual capacity for damages only.

5. At all times relevant, Defendant OFFICER NIETO ("NIETO"), badge # unknown, is and was an officer of the Banning Police Department ("BPD"), which is owned and operated by Defendant CITY. At all times relevant, NIETO was and is an agent and/or employee of Defendant CITY.

6. At all times relevant, Defendant OFFICER HIXON ("HIXON"), badge # unknown, is and was an officer of the BPD which is owned and operated by Defendant CITY. At all times relevant, HIXON was and is an agent and/or employee of Defendant

CITY. Defendants NIETO and HIXON are collectively referred to herein as the "OFFICER DEFENDANTS."

7.     At all times relevant, the OFFICER DEFENDANTS and DOES 1-10, inclusive, were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

8.     At all relevant times, OFFICER DEFENDANTS and DOES 1-8, inclusive were duly appointed police officers and/or employees or agents of the CITY, subject to oversight and supervision by the CITY's elected and non-elected officials. At all times relevant, DOES 9-10, inclusive, were managerial, supervisorial, and/or policymaking employees of the CITY's police department. On information and belief, at all times relevant, DOES 1-10 were residents of the County of Riverside, California.

9.     In doing the acts and failing and omitting to act as hereinafter described, the OFFICER DEFENDANTS and Defendants DOES 1-10, inclusive, were acting on the implied and actual permission and consent of the CITY.

10.    At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, training, conduct, and employment of each and every other CITY defendant.

11.    The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

12.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. 1331, 1343, and 1367.

13.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 13 of this complaint with the same force and effect as though fully set forth herein.

15.    On or about October 24, 2023, Plaintiff PONCE was sitting in his car talking on the phone with his grandmother in the Albertson's grocery store parking lot located at 300 S. Highland Springs Ave, #7, Banning, California. Plaintiff was asking his grandmother what items she needed him to purchase at the grocery store before he would go inside.

16.    Shortly thereafter, Officers NIETO and HIXON approached Plaintiff's car and asked Plaintiff for his driver's license without reasonable suspicion. Plaintiff PONCE handed the officer his license and the officer returned to his car.

17.    Having not been told why he was being stopped and not engaging in any illegal activity, and after waiting for some time, Plaintiff stepped out of his vehicle and asked the OFFICER DEFENDANTS why he was being detained. From a distance, the officers told Plaintiff PONCE to get back in his car.

18.    Plaintiff turned away from the officers and began walking toward the Albertson's grocery store. Without any verbal warnings, the OFFICER DEFENDANTS pulled out their taser guns and shot Plaintiff with multiple taser darts.

19.    Thereafter, the OFFICER DEFENDANTS beat, struck, punched, kicked, kneed, and tased PONCE multiple times. During this altercation, at least one of the OFFICER DEFENDANTS struck PONCE in the head and face multiple times with a police baton.

20.    At some point after the OFFICER DEFENDANTS' began using force against Plaintiff, DOES 1-8, inclusive, arrived. Upon arrival, DOES 1-8, inclusive, began

also using excessive and unreasonable force against Plaintiff by way of punching, striking, kicking, kneeing, and tasing Plaintiff despite the fact that he was fully compliant, had not committed any crime, and was not resisting the OFFICER DEFENDANTS.

21.    The OFFICER DEFENDANTS and DOES 1-8 used this force despite Plaintiff not having committed any crime, not threatening force against the officers, and not having been lawfully detained or arrested.

22.    Plaintiff was arrested and taken to San Gorgonio Memorial Hospital where he was treated for a broken shoulder and multiple hematomas and contusions, including on his head and face.

23.    At the hospital, a medical professional placed Plaintiff's arm in a sling due to his broken shoulder. Because the arm sling inhibited Plaintiff's arm mobility and prevented him from being handcuffed normally, one of the OFFICER DEFENDANTS or DOES 1-8, inclusive, ripped the sling off of Plaintiff's shoulder and forced his arm into position to be handcuffed. This totally unnecessary and punitive use of force caused Plaintiff immense pain and suffering.

24.    After being treated, Plaintiff was taken by the OFFICER DEFENDANTS to jail. At no point did any officer read Plaintiff his *Miranda* rights or inform Plaintiff of the charges he was arrested for.

25.    As a result of the excessive and unreasonable force used by the OFFICER DEFENDANTS and DOES 1-8, inclusive, Plaintiff has suffered severe physical, mental, and emotional injuries that continue today, including scarring, a traumatic brain injury, and a dislocated shoulder. Plaintiff was booked and held in jail for 2.5 months following his arrest, during which time he did not receive any medical care for multiple contusions and his broken shoulder, causing his injuries to heal improperly. Plaintiff also suffered financial injury as a result of the acts and omissions of OFFICER DEFENDANTS and DOES 1-10, inclusive, including, but not limited to, past and future medical care costs and expenses and lost wages.

26.     On April 18, 2024, Plaintiff filed a claim against Defendant CITY for damages arising from the constitutional violations against him by the OFFICER DEFENDANTS and DOES 1-10. Plaintiff was assigned a claim number of 24-178810.

27.     Defendant CITY failed to respond to the claim within the 45-day period to take action. Pursuant to Government Code section 912.4(a), the claim is deemed rejected as a matter of law. To date, Plaintiff has never received a response to his timely-filed government tort claim.

## I.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By PLAINTIFF against OFFICER DEFENDANTS and DOES 1-8, inclusive)

28.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29.     The unjustified beating of and use of force upon Plaintiff by the OFFICER DEFENDANTS and DOES 1-8, inclusive, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     The unreasonable use of force by the OFFICER DEFENDANTS and DOES 1-8, inclusive, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.     As a result, Plaintiff suffered severe physical injuries, ongoing physical, mental, and emotional pain, and loss of enjoyment of life. Plaintiff also suffered additional damages, including, but not limited to, lost wages and past and future medical costs and expenses.

32.    As a result of their conduct, OFFICER DEFENDANTS and DOES 1-8, inclusive, are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

33.    This use of excessive force was unreasonable under the circumstances because it was without probable cause or reasonable suspicion, and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures. Plaintiff was not under investigation for any crime, posed no threat to the officers or to anyone else, and was not resisting or obstructing lawful police action. Further, Plaintiff had not committed any criminal act in the presence of the OFFICER DEFENDANTS and DOES 1-8, inclusive. Therefore, the force used by OFFICER DEFENDANTS and DOES 1-8, inclusive, was unnecessary under the circumstances.

34.    Specifically, HIXON used excessive and unreasonable force against Plaintiff when he tased Plaintiff, struck Plaintiff multiple times in the face and head with a baton, punched Plaintiff, kicked Plaintiff, and otherwise struck Plaintiff despite the fact that Plaintiff had committed no criminal act in his presence, was not attempting to resist, and was not a threat to himself, the OFFICER DEFENDANTS, or any other person.

35.    Specifically, NIETO used excessive and unreasonable force against Plaintiff when he tased Plaintiff, struck Plaintiff multiple times in the face and head with a baton, punched Plaintiff, kicked Plaintiff, and otherwise struck Plaintiff despite the fact that Plaintiff had committed no criminal act in his presence, was not attempting to resist, and was not a threat to himself, the OFFICER DEFENDANTS, or any other person.

36.    In using such excessive force on Plaintiff, the OFFICER DEFENDANTS and DOES 1-8, inclusive, acted intentionally and under color of state law.

37.    The conduct of the OFFICER DEFENDANTS and DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS and DOES 1-8, inclusive.

38.    Plaintiff also seeks attorney's fees under this claim.

## II.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Failure to Intervene (42 U.S.C. § 1983)**

(By PLAINTIFF against OFFICER DEFENDANTS and DOES 1-8, inclusive)

39.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

40.    The unjustified beating and arrest of Plaintiff by OFFICER DEFENDANTS and DOES 1-8, inclusive, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.    The unreasonable use of force by OFFICER DEFENDANTS and DOES 1-8, inclusive, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.    Furthermore, each of the OFFICER DEFENDANTS and DOES 1-8, inclusive, had a duty to intervene in unconstitutional uses of excessive force by each of the other defendants against Plaintiff, and each of them failed to do so.

43.    Specifically, the OFFICER DEFENDANTS and DOES 1-8, inclusive, each observed at least one of the other officers use force against Plaintiff despite Plaintiff never threatening or posing a threat to any person or himself.

44.    The OFFICER DEFENDANTS and DOES 1-8, inclusive, each observed at least one of the other OFFICER DEFENDANTS and/or DOES violate Plaintiff's constitutional rights by tasing Plaintiff unreasonably and thereafter beating, kicking, punching, and tasing Plaintiff, while also striking Plaintiff in the head with a baton, among other uses of unreasonable and excessive force.

45.    Despite having ample opportunity to intervene in the obviously unconstitutional uses of force against Plaintiff, who had committed no criminal act, the

OFFICER DEFENDANTS and DOES 1-8 simply observed and enabled the use of force against Plaintiff by the other OFFICER DEFENDANTS and DOES, if not directly encouraging or participating in it themselves.

46.     At all times relevant, NIETO knew that the conduct of HIXON and the other DOE officers was unconstitutional.

47.     At all times relevant, NIETO had a reasonable opportunity to intervene in the unconstitutional conduct of HIXON and the other DOE officers and failed to do so.

48.     At all times relevant, HIXON knew that the conduct of NIETO and the other DOE officers was unconstitutional.

49.     At all times relevant, HIXON had a reasonable opportunity to intervene in the unconstitutional conduct of NIETO and the other DOE officers and failed to do so.

50.     As a result, Plaintiff suffered extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life, and will continue to have injuries, scarring, and chronic pain for the remainder of his life.

51.     As a result of the conduct of the OFFICER DEFENDANTS and DOES 1-8, inclusive, they are liable for Plaintiff's injuries because they failed to intervene in each of the other defendants' unconstitutional acts.

52.     This use of excessive force was unreasonable under the circumstances because it was without probable cause and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures. Plaintiff was not engaging in any criminal or suspicious activity, posed no threat to the officers or to anyone else, and was not resisting or obstructing lawful police action, therefore the force used by the OFFICER DEFENDANTS and DOES 1-8, inclusive, was highly unnecessary and unreasonable under the circumstances.

53.     In using such excessive force on Plaintiff, the OFFICER DEFENDANTS and DOES 1-8, inclusive, acted intentionally and under color of state law.

54.     The conduct of OFFICER DEFENDANTS and DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

- 9 -
COMPLAINT

Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS and DOES 1-8, inclusive.

55.    Plaintiff also seeks attorney fees under this claim.

### III.

### <u>THIRD CLAIM FOR RELIEF</u>

**Unreasonable Search and Seizure (Fourth Amendment) – Illegal Detention (42 U.S.C. § 1983)**

(By PLAINTIFF against the OFFICER DEFENDANTS and DOES 1-8, inclusive)

56.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57.    Upon stopping Plaintiff, OFFICER DEFENDANTS did not indicate at any point on what grounds they were stopping Plaintiff, nor did they ask Plaintiff any questions to investigate any suspected criminal activity afoot.

58.    There were no indications that Plaintiff was suspected of having a weapon or under the influence of alcohol or illegal substances, nor was he engaging in any suspicious or threatening activity. Even further, Plaintiff complied with the OFFICER DEFENDANTS and handed over his driver's license to them upon request.

59.    At no time did the OFFICER DEFENDANTS and DOES 1-8, inclusive, observe Plaintiff: engage in any criminal act, indicate in any way that he was about to commit a criminal act, pose a threat to himself, pose a threat to the OFFICER DEFENDANTS, pose a threat to any other person, or resist arrest. As such, the OFFICER DEFENDANTS and DOES 1-8, inclusive, had no reasonable suspicion or probable cause to detain Plaintiff.

60.    This initial detention and subsequent arrest violated Plaintiff's Fourth Amendment rights.

61.    Plaintiff had a Fourth Amendment right to freedom of movement and freedom from unreasonable seizures.

62.     "Because stopping an automobile and detaining its occupants, 'even if only for a brief period and for a limited purpose,' constitutes a 'seizure' under the Fourth Amendment, an official must have an individualized 'reasonable suspicion' of unlawful conduct to carry out such a stop." *Tarabochia v. Adkins* (9th Cir. 2014) 766 F.3d 1115, 1121.

63.     "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F. 3d 1067, 1072 (9th Cir. 2007).

64.     Defendants NIETO and HIXON did not have reasonable suspicion to believe that Plaintiff had engaged in any unlawful conduct at the time of the seizure, nor was this a lawful *Terry* stop or frisk.

65.     Defendants NIETO and HIXON did not have probable cause to believe that any crime had been committed by Plaintiff at the time of the seizure.

66.     Defendants nevertheless unlawfully seized Plaintiff by show of authority, restricted his movement, and seized his person by unreasonably tasing Plaintiff and using other means of unreasonable force.

67.     Defendants NIETO and HIXON, in doing these acts, were acting under color of state law.

68.     The actions of Defendants NIETO and HIXON caused Plaintiff general and special damages in an amount to be proven at trial.

69.     The conduct of Defendants NIETO and HIXON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants imposition of exemplary and punitive damages from Defendants NIETO and HIXON.

70.     Plaintiff also seeks attorneys' fees under this claim.

///

///

# IV.

## FOURTH CLAIM FOR RELIEF

### Ralph Act

### [Civil Code § 51.7]

(By PLAINTIFF against all Defendants)

71.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.     On October 24, 2023, Plaintiff was unlawfully detained, arrested, and beaten by the OFFICER DEFENDANTS and DOES 1-8, inclusive, who are police officers for Defendant CITY.A substantial and motivating reason for the threat and use of physical violence by the OFFICER DEFENDANTS and DOES 1-8, inclusive, against Plaintiff was Plaintiff's race and color. At all times relevant, Plaintiff is and was a male of Hispanic descent.

73.     A reasonable person in Plaintiff's position would have been intimidated by the conduct of the OFFICER DEFENDANTS and DOES 1-8, inclusive, and believe they would employ a means of physical violence against Plaintiff.

74.     In using such excessive force against Plaintiff, the OFFICER DEFENDANTS and DOES 1-8, inclusive, acted intentionally and under color of state law.

75.     The OFFICER DEFENDANTS and DOES 1-8, inclusive, use of excessive force on Plaintiff was the actual and proximate cause of Plaintiff's injuries.

76.     The conduct of OFFICER DEFENDANTS and DOES 1-8, inclusive, was intentional, malicious, and oppressive and done with a willful, wanton, and conscious disregard for Plaintiff's rights.

77.     The CITY and DOES 9-10, inclusive, are vicariously liable for the acts of OFFICER DEFENDANTS and DOES 1-8, inclusive, pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the

scope of his employment if the act or omission would have given rise to a cause of action against that employee.

## V.

## FIFTH CLAIM FOR RELIEF

### Bane Act

### [Civil Code § 52.1]

(By PLAINTIFF against all Defendants)

78.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79.    On October 24, 2023, Plaintiff was exercising his rights to be free from unreasonable searches and seizures when he was unlawfully detained without reasonable suspicion by the OFFICER DEFENDANTS, arrested without probable cause, and subjected to excessive and unreasonable force by OFFICER DEFENDANTS and DOES 1-8, inclusive, who are officers in Defendant CITY's Police Department.

80.    The attack by OFFICER DEFENDANTS and DOES 1-8, inclusive, caused severe physical, mental, and emotional injuries to Plaintiff.

81.    OFFICER DEFENDANTS interfered with Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures by using intimidation and violence to illegally detain Plaintiff without reasonable suspicion or probable cause.

82.    When the OFFICER DEFENDANTS and DOES 1-8, inclusive, unlawfully detained Plaintiff without any reasonable suspicion or probable cause, Plaintiff asked what the purpose of the unlawful stop was. At no point did Plaintiff threaten the OFFICER DEFENDANTS, DOES 1-8, inclusive, himself, or any other person.

83.    In response to Plaintiff's calm, reasonable question, OFFICER DEFENDANTS refused to answer Plaintiff's inquiry and used intimidation by telling Plaintiff to get back in his car immediately while reaching for their taser gun located on their utility belt holster.

84.     Plaintiff, intimidated and threatened by the OFFICER DEFENDANTS unreasonable conduct, turned to walk away. Within seconds of Plaintiff exiting his car and without warning, one of the OFFICER DEFENDANTS pulled out their taser gun and ejected their taser gun darts at Plaintiff.

85.     The conduct of the OFFICER DEFENDANTS and DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

86.     CITY is vicariously liable for the acts of OFFICER DEFENDANTS and DOES 1-8, inclusive, pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

## VI.

## SIXTH CLAIM FOR RELIEF

### Assault

### (By PLAINTIFF against all Defendants)

87.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88.     On October 24, 2023, The OFFICER DEFENDANTS, both of whom are police officers in the CITY's police department, contacted Plaintiff without any reasonable suspicion or probable cause. The OFFICER DEFENDANTS requested that Plaintiff produce his driver's license for them. Plaintiff complied with OFFICER DEFENDANTS' request for his driver's license.

89.     Neither OFFICER DEFENDANT disclosed to Plaintiff why he was being stopped. Neither OFFICER DEFENDANT informed Plaintiff that he was being detained. The OFFICER DEFENDANTS took Plaintiff's driver's license and returned to their patrol vehicle.

90.     After some time, Plaintiff exercised his right to be free from unreasonable searches and seizures and stepped out of the car to ask the OFFICER DEFENDANTS, who were already some distance away, why he was being stopped.

91.     In response to Plaintiff's calm, reasonable question, OFFICER DEFENDANTS refused to answer Plaintiff's inquiry and used intimidation by telling Plaintiff to get back in his car immediately while reaching for their taser gun located on their utility belt holster.

92.     Plaintiff, intimidated and threatened by the OFFICER DEFENDANTS unreasonable conduct, turned to walk away. Within seconds of Plaintiff exiting his car and without warning, one of the OFFICER DEFENDANTS pulled out their taser gun and tased Plaintiff. Both OFFICER DEFENDANTS then proceeded to physically assault plaintiff by striking him in the head and face with a baton and striking his head, face, and body with punches, kicks, elbows, and other strikes.

93.     The OFFICER DEFENDANTS did this intending to cause harmful contact to Plaintiff, who had committed no crime, had no weapon, and posed no threat of violence to the OFFICER DEFENDANTS.

94.     Plaintiff reasonably believed the OFFICER DEFENDANTS were about to touch him in a harmful or offensive manner.

95.     Plaintiff was harmed by the conduct of the OFFICER DEFENDANTS.

## VII.

## SEVENTH CLAIM FOR RELIEF

### Battery

(By PLAINTIFF against all Defendants)

96.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and affect as though fully set forth herein.

97.     On or about October 24, 2023, Plaintiff was assaulted and battered by the OFFICER DEFENDANTS and DOES 1-8, inclusive. The OFFICER DEFENDANTS

and DOES 1-10, inclusive, struck, punched, kicked, tased, and used a baton on Plaintiff. Specifically, Plaintiff was struck with a police baton multiple times on his face and head.

98.   Plaintiff did not consent to this touching by the OFFICER DEFENDANTS and DOES 1-8, inclusive.

99.   The use of a baton on Plaintiff's head and face area was excessive and caused injuries to his head and face and caused a potentially traumatic brain injury.

100.   The use of the taser on Plaintiff multiple time caused severe injuries and pain and suffering, and was unnecessary and excessive under the circumstances.

101.   The conduct of the OFFICER DEFENDANTS and DOES 1-8, inclusive, was a substantial factor in causing harm to Plaintiff.

102.   The conduct of the OFFICER DEFENDANTS and DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

103.   The CITY is vicariously liable for the acts of the OFFICER DEFENDANTS and DOES 1-8, inclusive, pursuant to California Government Code section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.

# VIII.

## EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

(By PLAINTIFF against all Defendants

104.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

105.   On or about October 24, 2023, the OFFICER DEFENDANTS and DOES 1-8, inclusive, used excessive and unreasonable force when, without any warning, reasonable suspicion, or probable cause, they used a taser at least two times on Plaintiff,

struck him in the head and face multiple times with a baton, and proceeded to beat and strike Plaintiff with their hands, fists, elbows, knees, and feet.

106.   The injuries suffered by Plaintiff at the hands of the OFFICER DEFENDANTS and DOES 1-8, inclusive, caused Plaintiff to be hospitalized.

107.   At no time had Plaintiff committed any criminal act in the presence of the OFFICER DEFENDANTS and DOES 1-8, inclusive. Plaintiff followed all of the orders given by the OFFICER DEFENDANTS and DOES 1-8, inclusive. The OFFICER DEFENDANTS and DOES 1-8, inclusive, decided to use excessive force upon Plaintiff as a purely punitive measure and to exact extrajudicial punishment upon him.

108.   The OFFICER DEFENDANTS and DOES 1-8, inclusive, acted in an outrageous way by mercilessly beating Plaintiff, including striking him with a baton in the head and face multiple times, using a taser against him, and further beating and striking him.

109.   The OFFICER DEFENDANTS and DOES 1-8, inclusive, acted with reckless disregard to the probability that Plaintiff would suffer emotional stress from such an outrageous and excessive use of force on her person, despite no criminal activity being afoot.

110.   As an actual and proximate result of the OFFICER DEFENDANTS' and DOES' 1-8, inclusive, beating of Plaintiff, Plaintiff suffered severe emotional distress.

111.   The conduct of the OFFICER DEFENDANTS and DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

112.   The CITY is vicariously liable for the acts of the OFFICER DEFENDANTS and DOES 1-8 inclusive, pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.
///

# IX.

## NINTH CLAIM FOR RELIEF

### Negligence

(By PLAINTIFF against all Defendants)

113.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

114.   The October 24, 2023 conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, as set forth herein, was tortious in that Defendants breached their duty of care to Plaintiff, an unarmed man besieged by multiple police officers, and used excessive force against Plaintiff including beating him with their hands, feet, knees, and fists; striking him with a baton on his face and head multiple times; and tasing him multiple times.

115.   The CITY failed to appropriately hire, supervise, train, review, and ensure that their officers abided by the standard of care, failed to enact appropriate standards and procedures that would have prevented such harms to Plaintiff, including failure to adequately train their officers not to use excessive force in situations where such actions are not justified especially without any lawful basis, reasonable suspicion, probable cause, warrant, or any exception thereto.

116.   Upon information and belief, the OFFICER DEFENDANTS and DOES 1-8, inclusive, were either personally involved and/or aided and abetted in the violation of Plaintiff's constitutional rights. Each officer knew that the other officers were committing unlawful actions against Plaintiff as they planned to and did use excessive force against Plaintiff. Each officer gave substantial assistance or encouragement to the other officer and each officer's conduct was a substantial fact in causing harm to Plaintiff.

117.   As a direct and proximate result of the alleged acts or omission of the OFFICER DEFENDANTS and DOES 1-8, inclusive, Plaintiff has suffered and continues to suffer physical and emotional injury.

118.   DOES 9-10, inclusive, final policymakers for the CITY, approved and/or ratified the unconstitutional policy guiding the OFFICER DEFENDANTS and DOES' 1-8, inclusive, unlawful acts in that he had knowledge of and made a deliberate choice to approve their unlawful acts and omissions. According to information and belief, the CITY took no action in response to Plaintiff's allegations and none of the involved officers have been disciplined. The CITY and DOES 9-10, inclusive, are vicariously liable for its officers' misconduct.

119.   Accordingly, the CITY is vicariously liable for the acts of the OFFICER DEFENDANTS and DOES 1-8, inclusive, pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

120.   In doing the foregoing wrongful acts, the OFFICER DEFENDANTS and DOES 1-8, inclusive, each acted with conscious disregard of Plaintiff's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each of the OFFICER DEFENDANTS and DOES 1-8, inclusive, in their individual capacities to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests an entry of judgment in his favor and against Defendants CITY OF BANNING, OFFICER HIXON, OFFICER NIETO, and DOES 1-10, inclusive, as follows:

A. For Compensatory damages in the amount to be proven at trial;

B. For general and special damages;

C. For exemplary and punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages pursuant to California Civil Code § 52(b)(3);

E.  For interest;

F.  For reasonable costs of this suit and attorneys' fees; and

G.  For such other further relief as the Court may deem just, proper, and appropriate.

SKAPIK LAW GROUP

Dated: September 15, 2025           By:    */s/ Matthew T. Falkenstein*
                                            Mark J. Skapik
                                            Geralyn L. Skapik
                                            Blair J. Berkley
                                            Matthew T. Falkenstein
                                            Attorneys for Plaintiff
                                            HECTOR PONCE

1

## **JURY DEMAND**

2

Plaintiff hereby demands a trial by jury.

3

4

5                                                          SKAPIK LAW GROUP

6

7    Dated: September 15, 2025                    By:    */s/ Matthew T. Falkenstein*

8                                                          Mark J. Skapik
                                                           Geralyn L. Skapik
9                                                          Blair J. Berkley
                                                           Matthew T. Falkenstein
10                                                         Attorneys for Plaintiff
                                                           HECTOR PONCE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28